# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| ANNETTE GRALEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 2:14-cv-636-FtM-38CM |
| | ) |
| TZ INSURANCE SOLUTIONS LLC, | ) |
| | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

Upon good cause shown, it is **HEREBY ORDERED** that:

1. <u>Purpose</u>. This Protective Order is intended to facilitate discovery and to eliminate, where possible, disputes between the parties concerning discovery issues by providing court-ordered protection for confidential, non-public information. It is not, however, intended to diminish the rights of any party to have information to which it is entitled, pursuant to any rule or Order of this Court or otherwise.

2. <u>Definitions</u>. "Confidential" as used herein means private, personal, and/or non-public information, whether documentary or otherwise, designated as "Confidential" by the parties, or any third party pursuant to a subpoena (each a "Producing Party" when so designating and delivering or producing) in the course of discovery in this action. Confidential information includes, but may not be limited to, information that is proprietary business, financial, or other commercially sensitive information (hereinafter collectively "Confidential" information. Extremely sensitive Confidential information and documents produced during discovery may be designated as "Attorneys' Eyes Only" (hereinafter

- 2 -

"Attorneys' Eyes Only" information).  This latter designation shall apply only to information reasonably deemed by the Producing Party to be especially sensitive for business competitive purposes and therefore inappropriate for disclosure to the other party(ies) and such sensitive information cannot reasonably be redacted prior to production.

3. <u>Designation of Confidential Information</u>.  Any party to this action and any third party who is required to produce information in this action pursuant to subpoena may designate information as "Confidential" or "Attorneys' Eyes Only", provided such designation is for information which has been treated as confidential by the Producing Party.

4. <u>Use of Confidential Information</u>.  Confidential information shall be used by the party or parties to whom it is produced only for the prosecution and/or defense of claims asserted in this action.  It shall not be used by such party or parties for any other purpose.

5. <u>Persons Entitled to See Confidential Information</u>.  Information or documents designated as "Confidential" shall not be disclosed by the party or parties to whom it is produced to anyone except:

    a. The parties to this action;

    b. Counsel to the parties to this action and the personnel who work under their supervision, such as paralegals and secretaries;

    c. Experts or consultants retained to assist with the case or to serve as expert witnesses at the trial of this action;

    d. Non-party witnesses at depositions taken during the course of discovery in this action so long as the Confidential Information is

>    information already known to that witness or if consent is otherwise obtained from the Producing Party; and/or
>
>    e.   The Court.

Documents designated as "Attorneys' Eyes Only" shall not be disclosed by the counsel for the party or parties to whom it is produced to anyone except counsel to the parties to this action and the personnel who work under their supervision, such as paralegals and secretaries.

The persons described in subparagraphs 5(a), (b), and (d) of this Order are bound by the provisions of this Order without the necessity of a confidentiality agreement. Before the persons described in subparagraph 5(c) of this Order may receive any Confidential information, however, they must sign a statement acknowledging they have read this Order and agreeing to be bound by it.

6.   <u>Designation of Written Information as Confidential Information</u>. To designate written information as Confidential information, the Producing Party shall mark the information "Confidential" and/or "Attorneys' Eyes Only" or specifically identify a group or category of documents or written information as "Confidential" or "Attorneys' Eyes Only". To designate information contained in electronic data and files as Confidential information, the Producing Party shall provide a written notice to all parties, in advance or simultaneously with the production of the data or file that clearly defines the scope or portion of information or electronic records to be treated as Confidential information.

7.   <u>Designation of Deposition Testimony as Confidential and/or Attorneys' Eyes Only Information</u>. The indiscriminate or wholesale designation of entire deposition transcripts as Confidential is not permitted. If, however, a party or witness in good faith

believes any portion of the testimony in a deposition taken during the course of discovery in this action contains Confidential information and/or Attorneys' Eyes Only information and that such designation of the information would be consistent with the purpose of this Order, then such party or witness may designate such information as Confidential and/or Attorneys' Eyes Only, as applicable, according to the terms of this paragraph 6 of this Order.  Any party or witness intending to designate any portion of deposition testimony as Confidential and/or Attorneys' Eyes Only may notify the court reporter and opposing counsel of record during the deposition or within fifteen (15) days after his or her receipt of the transcript of his/her intention to designate portions of the transcript as Confidential and/or Attorneys' Eyes Only information and to inform counsel of record in writing of such designation.  Until such designations have been completed or the fifteen (15) days have expired, whichever first occurs, the transcript shall be treated as Confidential and/or Attorneys' Eyes Only information by all parties and others, including counsel, subject to this Order.

      8. <u>Filing with the Court</u>.  Any party intending to file Confidential or Attorneys' Eyes Only information with the Court (in any form whatsoever) shall take all steps reasonable and necessary to seek leave to file the Confidential or Attorneys' Eyes Only information under seal.  This Court will evaluate the merits of any such motions for leave information under seal on a case-by-case basis.  Nothing in this Order shall restrict the right of a party to rely upon or introduce as evidence at trial information classified as Confidential or Attorneys' Eyes Only subject to whatever guidelines the Court may impose in this regard.

9. <u>Continuing Effect/Termination of Litigation</u>. Within thirty (30) days following the date on which all claims brought in this action have been either reduced to judgment or dismissed, each party (or counsel, as applicable), upon written request, shall assemble and return to the Producing Party all Confidential and Attorneys' Eyes Only information, copies thereof, and all material or memoranda embodying information so designated. Until all such Confidential and/or Attorneys' Eyes Only information has been returned as required by this paragraph, this Order shall remain in effect regardless of whether or not the action has been ended.

10. <u>Dispute</u>. If any party disagrees with the designation of any information as Confidential or Attorneys' Eyes Only information, such party shall notify the Producing Party and the parties then shall attempt in good faith to resolve their dispute before seeking relief from this Court. The parties (or counsel, as applicable) agree that, pending the resolution of any such dispute, they will treat the information subject to such dispute as Confidential or the Attorneys' Eyes Only, respectively, under the terms of this Order.

11. <u>Inadvertent Production</u>. The Producing Party's inadvertent production of any information or document without designating it as Confidential and/or Attorneys' Eyes Only information shall not by itself be deemed a waiver of the Producing Party's claim of confidentiality as to that information or document. If the Producing Party wishes to designate the information or document as Confidential or Attorneys' Eyes Only after production, it shall consult with the opposing party and the parties shall make a good faith effort to resolve the matter. If the parties are not able to resolve the matter informally, the Producing Party may apply to the Court for an Order designating the information or document as Confidential or Attorneys' Eyes Only or compelling return of the information

or document, as appropriate. The parties agree that, pending the resolution of any such disputed matter, they will treat the information or document subject to the Confidential and/or Attorneys' Eyes Only designation, as applicable, under the terms of this Order.

**DONE AND ORDERED** in Fort Myers, Florida on this 8th day of February, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

- 7 -

WE ASK FOR THIS:

/s/
_____
Karen A. Doner
Florida Bar No. 112455
kdoner@rothdonerjackson.com
Brittany J. Sakata
Admitted pro hac vice
bsakata@rothdonerjackson.com
Roth Doner Jackson, PLC
8200 Greensboro Drive, Suite 820
McLean, Virginia 22102
Telephone:  (703) 485-3537
Facsimile:   (703) 485-3525

And

Cheryl L. Wilke
Florida Bar No. 0893780
cwilke@hinshawlaw.com
Daniel A. Krawiec
Florida Bar No. 59136
dkraweic@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One East Broward Boulevard, Suite 1010
Ft. Lauderdale, Florida 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Primary: cwilke@hinshawlaw.com
Secondary: dkraweic@hinshawlaw.com
*Attorneys for Defendant TZ INSURANCE SOLUTIONS LLC*

SEEN AND AGREED:

/s/_____
Benjamin H. Yormak
Florida Bar No.: 71272
byormak@yormaklaw.com
YORMAK EMPLOYMENT &
DISABILITY LAW
9990 Coconut Road
Bonita Springs, FL  34135
Telephone: (239) 985-9691
Facsimile: (239) 288-2534
*Attorney for Plaintiff Annette Graley*