UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNETTE GRALEY, an individual

    Plaintiff,

v.                                                                                  Case No:   2:14-cv-636-FtM-CM

TZ INSURANCE SOLUTIONS, LLC,

    Defendant.

## ORDER

This matter comes before the Court upon review of Defendant TZ Insurance Solutions LLC's Motion to Reconsider this Court's Denial of Defendant's Motion to Strike, Or In The Alternative, For Leave To Take The Depositions of Ms. Stasheen and Ms. Teeter ("Motion to Reconsider," Doc. 56), filed on June 9, 2016.  On June 17, 2016, Plaintiff filed a response in opposition.  The motion, therefore, is ripe for review.

    I.    **Background**

Plaintiff initiated this lawsuit on October 19, 2014.  Docs. 1.  Plaintiff, who was formerly employed by Defendant as head of human resources, brought this lawsuit against Defendant based on allegations that Defendant violated the Americans with Disabilities Act, as amended ("ADA"), the Florida Civil Rights Act of 1992 ("FCRA"), and the Family and Medical Leave Act ("FMLA").  Doc. 19. Specifically, Plaintiff asserts claims of discrimination under the ADA and FCRA

(Counts I and II), retaliation under the ADA, FCRA, and FMLA (Counts III, IV, and VI), and interference under the FMLA (Count V).  *Id.*

On March 13, 2015, the Court entered a Case Management and Scheduling Order in which the discovery deadline was set for January 5, 2016.  Doc. 23 at 1. The Court subsequently extended the discovery deadline to March 4, 2016.  Doc. 31 at 1.  On April 15, 2016, Defendant filed its Motion for Summary Judgment and Memorandum of Law in Support.  Doc. 37.  On April 29, 2016, Plaintiff filed her Response to Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law.  Doc. 41.

In Plaintiff's response to the motion for summary judgment, she attached declarations by two of Defendant's former employees, Lorene Stasheen ("Stasheen") and Barbara Teeter ("Teeter").  Docs. 41-1, 41-3.  On May 6, 2016, Defendant filed its Motion to Strike & Memorandum In Support ("Motion to Strike," Doc. 43), in which it moved to strike these declarations, claiming "litigation by surprise" due to Plaintiff's failure to include the names of Stasheen and Teeter in Plaintiff's initial Rule 26 disclosures, failing to supplement her Rule 26 disclosures, and failing to disclose the full extent of the declarants' knowledge in response to various discovery requests.  *See generally* Doc. 43.  On May 26, 2016, the Court held a telephonic status conference in which the Court discussed the Defendant's Motion to Strike. Finding that there was sufficient disclosure, the Court denied the motion and subsequently entered a written Order memorializing that ruling.  Doc. 53.

Defendant now asks the Court to reconsider its Order dated May 26, 2016 denying Defendant's Motion to Strike. Doc. 56.

## II. Standard

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). Courts have recognized three grounds to justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously," *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995), and must "set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). It is the movant's burden to establish the "extraordinary circumstances" justifying reconsideration. *Mannings v. Sch. Bd. of Hillsborough Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

Defendant contends reconsideration is necessary because of the Court's "clear error in failing to hold Plaintiff to her burden." Doc. 56 at 2. In support of this contention, Defendant essentially reargues its motion to strike and expresses disagreement with the Court's prior Order. *Compare* Doc. 56 *with* Doc. 43. In its Motion to Strike, Defendant argued that Plaintiff failed to identify the declarants in her Rule 26 initial disclosures or amend her initial disclosures to supply their identity, despite her continued obligation to do so. Doc. 43 at 4. Defendant also argued that although declarants were identified in Plaintiff's responses to interrogatories as individuals with knowledge, Plaintiff failed to disclose the full extent of their knowledge. *Id.* at 5-8. Moreover, Defendant argued that despite Defendant's request to Plaintiff to produce any affidavits and declarations made by any person concerning the allegations in the complaint, Plaintiff failed to produce the declarations. Doc. 43 at 6. Plaintiff responded by admitting that the declarants were not initially identified in her Rule 26 disclosures; however, she argued that the error was harmless because their names and subject of their knowledge was provided through the course of discovery. Doc. 50.

Rule 26(a)(1)(A)(i), Federal Rules of Civil Procedure, provides, in pertinent part,

> a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e)(1), requires a party who has made a disclosure under Rule 26(a) or responded to a discovery request to supplement that disclosure or discovery response in a timely manner if the party learns that the prior disclosure or response is materially incomplete or incorrect and if the additional information has not otherwise been made known during the discovery process. Fed. R. Civ. P. 26(e)(1)(A). Rule 37 provides for sanctions in the event of noncompliance with Rule 26(a) or (e): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "A harmless failure to disclose exists when there is no prejudice to the party entitled to receive the disclosure." *Baldeo v. Dolgencorp, LLC*, No. 8:12-cv-02762-EAK, 2014 WL 4749049, at *3 (M.D. Fla. Sept. 23, 2014). Moreover, the Advisory Committee Notes to Rule 37 include "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties" as an example of "harmless" conduct. Fed .R. Civ. P. 37(c) advisory committee notes (1993).

The court has broad discretion in determining whether a party's failure to disclose discovery materials is either substantially justified or harmless. *Engle v. Taco Bell of Am., Inc.*, No. 8:09–cv–2102–T–33TBM, 2011 WL 883639, at *1 (M.D. Fla. Mar. 14, 2011). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir.2009) (quotation marks omitted).

When determining whether a failure was substantially justified or harmless, reviewing courts consider the non-disclosing party's explanation for the failure, the importance of the information, and whether the opposing party is prejudiced by the discovery violation.  *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir.2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir.2008)).

In its ruling on Defendant's Motion to Strike, the Court considered the arguments and legal authority presented by both parties.  The Court determined that Plaintiff met her burden of establishing that the failure to initially disclose the identity of Stasheen and Teeter was harmless because they were introduced in the course of discovery and were readily available for investigation by Defendant.  On April 20, 2015, nearly one year prior to the amended discovery deadline, Plaintiff served her responses to Defendant's first set of interrogatories.  Doc. 50-1.  In response to the question requesting the identity of all individuals whom Plaintiff knew or believed to have knowledge concerning the allegations in the operative complaint and to specifically identify the knowledge they possess, Plaintiff listed both Teeter and Stasheen.  Doc. 50-1 at 2.  As to Teeter, Plaintiff wrote:  "Barbara Teeter (Executive Administrative Assistant/Gerber Licensed sales agent) – Was my administrative assistant and she knew about my surgery, injury at work, medical office visits, FMLA and about my termination."  *Id.*  As to Stasheen, Plaintiff wrote: "Loreen Stasheen (HR Manager Ft. Myers office) – Received my paperwork regarding PTO time and request for FMLA to have my gall bladder surgery."  *Id.*

Plaintiff further identified Stasheen in other interrogatory responses relating to her leave requests due to her surgery as well as her approved leave. *Id.* at 13, 17. Moreover, during her deposition on February 24, 2016, Plaintiff identified Stasheen as the human resources manager that was involved in approving Plaintiff's leave requests. 50-2 at 1, 7, 12. Likewise, Plaintiff also discussed Teeter during her deposition, particularly in relation to how she was feeling and the medical issues she was experiencing. *See* Doc. 50-2 at 14.

Plaintiff also asserted that the full scope of the declarants' knowledge was not known to her until after the motion for summary judgment was filed, as that is the time when Stasheen and Teeter signed their declarations. Doc. 50 at 3. Accordingly, Plaintiff was not in possession of the declarations at the time of Defendant's request for production. Plaintiff also argued that because Stasheen was the Defendant's human resources manager and was trained it all of its human resources procedures, Defendant knew or should have known that she possessed discoverable information. *Id.* at 7-8.

Courts faced with motions to strike affidavits under similar circumstances have held that the failure to initially disclose a witness under Rule 26 that was either known to the opposing party or became known through discovery is harmless. *See e.g.*, *Baldeo*, 2014 WL 4749049, at *6-7; *Cox v. Worldpay US, Inc.*, No. 8:13-cv-668-T-36TBM, 2014 WL 4417855, at *2-3 (M.D. Fla. Sept. 8, 2014); *F.T.C. v. Peoples Credit First, LLC*, No. 8:03 CV 2353 T 17TBM, 2005 WL 1785219, at *2 (M.D. Fla. July 26, 2005); *Burden v. City of Opa Locka*, No. 11-22018-CIV, 2012 WL 4764592, at *6-9

(S.D. Fla. Oct. 7, 2012). For example, in *Baldeo*, in her response in opposition to a motion for summary judgment, the plaintiff sought to rely on an affidavit by an individual whose name was not provided in the plaintiff's initial or supplemental disclosure required by Rule 26. 2014 WL 4749049, at *6-7. The plaintiff, however, identified the affiant in a request for production as an individual "involved . . . [f]rom the [b]eginning." *Id.* at *7. The plaintiff again referenced the affiant in a response to the defendants' request for discovery, although she never supplemented her responses with contact information for the affiant or to provide the affidavit. *Id.* The defendants, however, learned of the affiant's knowledge when the plaintiff described her conversations with the affiant during the plaintiff's deposition. *Id.* Thus, the court found that the affidavit should have come as no surprise to the defendants, the failure to disclose the affidavit did not prejudice the defendants, and accordingly declined to strike it. *Id.*

In *Cox*, the plaintiff sought to strike an affidavit submitted by the defendant in support of its motion for summary judgment. 2014 WL 4417855, at *2. The plaintiff argued that the defendant failed to disclose the affiant in its Rule 26 initial disclosures, failed to list the affiant in its response to the plaintiff's interrogatories, and prevented the plaintiff from deposing the affiant by not permitting her to depose the affiant after the discovery deadline. *Id.* The court was not convinced by either argument. First, the court found that because the plaintiff listed the declarant in her own Rule 26 disclosures, the defendant was not required to. *Id.* Additionally, the court found that the defendant "also disclosed [the affiant] in its EEOC position

statement." *Id.* Lastly, the court acknowledged that plaintiff only learned of the importance of the affiant's testimony late in the discovery period and that the defendant's counsel refused to permit the plaintiff to depose the affiant after the discovery deadline. *Id.* at *3. Nevertheless, the court found that "the plaintiff] neither subpoenaed [the affiant] prior to the discovery deadline, nor sought an extension of the discovery deadline for the purpose of deposing [the affiant,]" and found that this was likely a strategic decision. *Id.* Accordingly, the court declined to strike the affidavit.

These cases suggest that once a witness is disclosed through discovery or otherwise, it is the duty of the party prosecuting or defending the case to investigate the case in due diligence. Defendant argued that although Plaintiff disclosed the names and the subject matter of Stasheen's and Teeter's knowledge through discovery, she did not disclose the exact extent of their knowledge. *See e.g.*, Doc. 43 at 3-6. The Court was, and still is, unpersuaded by this argument. First, as noted, Plaintiff referenced the declarants in responses to her interrogatories and throughout her deposition. Plaintiff also disclosed the subject matter of the information she believed that Stasheen and Teeter possessed. The exact extent of the declarants' knowledge was not known to Plaintiff until after the Stasheen and Teeter signed their declarations, which was after the motion for summary judgment was filed. Although Rule 26(a)(1)(A)(i) requires disclosure of the identity of individuals with discoverable information "along with the subjects of that information," Defendant has not provided

any case law to suggest to what extent Plaintiff must investigate the individuals prior to disclosing the subject of their information in full and complete details.

The Court found Defendant's cases in its Motion to Strike to be inapposite. In *Pete's Towing Co. v. City of Tampa, Fla.*, 378 F. App'x 917 (11th Cir. 2010), the plaintiff attempted to use two affidavits in its response to the defendant's motion for summary judgment. The Eleventh Circuit affirmed the district court's decision to strike one affidavit in its entirety written by a declarant who had not been disclosed in the plaintiffs Rule 26(a)(3) disclosures as a witness, and to strike another affidavit in part because the declarant's knowledge had not been disclosed in plaintiffs Rule 26(a)(3) disclosures. *Id.* at 920. The Eleventh Circuit noted that the plaintiff filed the affidavits with its summary judgment response five weeks after the filing of defendant's motion and without first supplementing its rule 26 disclosures to list one of the declarants as a witness and disclose the information offered by the other declarant. *Id.* Here, the identity of the declarants and the subject matter of their knowledge, to the extent Plaintiff was aware, was disclosed well prior to the discovery deadline. The affidavits were signed after the motion for summary judgment was filed and provided to the opposing counsel days after they were obtained by Plaintiff. Doc. 50 at 11.

In *U.S. E.E.O.C. v. SunTrust Bank*, No. 8:12-CV-1325-T-33MAP, 2014 WL 1763200, at *5 (M.D. Fla. Apr. 30, 2014), the defendant filed a motion for summary judgment and sought to rely upon a declaration that was previously requested but not produced, signed by a witness not previously disclosed. Specifically, plaintiff

propounded an interrogatory requesting that the defendant "identify each person to whom the [d]efendant has spoken about this case, list their names and the dates when the [d]efendant interviewed the witness, and indicate whether or not a statement, either written or oral, was obtained."  *Id.*  Additionally, in a request for production, plaintiff requested that defendant produce "copies of all complete witness statements obtained from all witnesses spoken to by [the d]efendant" regarding their case.  *Id.*  One week prior to using the declaration, the defendant responded to plaintiff's interrogatory with a list of names that did not include the declarant.  *Id.* at *6.  Additionally, defendant objected to the request for production, however also stated that it did not obtain any written statements other than those already produced.  *Id.*  Although the defendant served its responses to the interrogatory and the request for production one week prior to the date when the declaration was signed by the witness, four days after the declaration was signed, the defendant's counsel again reiterated in an email communication to plaintiff's counsel that "nobody submitted a written statement to us concerning any substantive matter involving this litigation."  *Id.*  The court found that the defendant had a duty to disclose the declaration, especially after the plaintiff's counsel emailed the defendant's counsel about the existence of a witness statement after the statement had already been signed.  *Id.*  Although the facts of *U.S. E.E.O.C.* suggest that the withholding of the discovery was essentially deliberate concealment, such is not the case at bar.

In *Brown v. Gulf Coast Jewish Family Servs., Inc.*, No. 810-cv-1749-T-27AEP, 2011 WL 3957771, at *1, *4 (M.D. Fla. Aug. 9, 2011), report and recommendation

adopted, No. 8:10-cv-1749-T-27AEP, 2011 WL 4005928 (M.D. Fla. Sept. 8, 2011), the plaintiff's response in opposition included an affidavit of a declarant not previously disclosed under Rule 26. The court struck the affidavit because plaintiff had "clearly failed to meet the disclosure requirements of Federal Rule of Civil Procedure 26 by failing to identify [the declarant] in [the p]laintiff's Rule 26 disclosures, answers to interrogatories, non-expert witness disclosures, or any other disclosure during discovery." *Id.* at *4. Such is not the case here where Plaintiff subsequently disclosed the identity of the witnesses and the subject matter of their information.

In conclusion, the Court carefully considered the arguments, the legal authority, and the supporting documents in Defendant's Motion to Strike (Doc. 43) and Plaintiff's Response to Defendant's Motion to Strike and held, as it does today, that the declarations should not be stricken. The Court has reviewed the authority cited by Defendant in its Motion to Reconsider (Doc. 56) and is not persuaded otherwise. The Court finds Defendant's arguments that there was clear error and manifest injustice in the Court's prior ruling unavailing.

Finally, Defendant seeks as alternative relief essentially an extension of the discovery deadline to enable it to depose Stasheen and Teeter. The Eleventh Circuit has determined that a court does not abuse its discretion by denying a motion for extension of the discovery period where the parties had ample time and opportunity to conduct discovery, yet failed to diligently do so. *See Barfield v. Barton*, 883 F.2d 923, 932 (11th Cir.1989). Accordingly, the Court will not extend the discovery deadline where, as here, Defendant failed to diligently pursue discovery, particularly

when the identities of the witnesses whose declarations are now at issue were known to Defendant well in advance of the discovery deadline.

ACCORDINGLY, it is hereby

**ORDERED:**

Motion to Reconsider this Court's Denial of Defendant's Motion to Strike, Or In The Alternative, For Leave To Take The Depositions of Ms. Stasheen and Ms. Teeter (Doc. 56) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 2nd day of August, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record